RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 11/15/10
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **SHIELD PACK, LLC** | **CIVIL ACTION NO. 10-0048** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CDF CORP.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court is Plaintiff Shield Pack, LLC's ("Shield Pack") "Motion for Reconsideration with Respect to the Court's Ruling Dated September 13, 2010" ("Motion for Reconsideration"). [Doc. No. 47]. For the following reasons, Shield Pack's Motion for Reconsideration, construed as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), is DENIED.

### I. INTRODUCTION

On September 13, 2010, this Court issued a Ruling denying Shield Pack's Motion for Summary Judgment of Non-Infringement and Invalidity of U.S. Patent No. 5,788,121 ("Motion for Summary Judgment"). [Doc. No. 45]. On September 23, 2010, Shield Pack filed a Motion for Reconsideration, asking the Court to reconsider its Ruling on a single ground: the Court's refusal to apply prosecution history estoppel. On October 1, 2010, CDF Corporation ("CDF") filed a Memorandum in Opposition to Shield Pack's Motion for Reconsideration. [Doc. No. 52]. On October 12, 2010, Shield Pack filed a Reply in Support of Shield Pack's Motion for Reconsideration. [Doc. No. 55].

In its September 13, 2010 Ruling, the Court concluded that prosecution history estoppel did

not apply and that there was a genuine issue of material fact as to whether Shield Pack's Quad bags infringed the '121 patent under the doctrine of equivalents. If the Court erred and prosecution history estoppel does apply, then the doctrine of equivalents is inapplicable and, as a matter of law, there can be no infringement on that basis.

## II.  STANDARD OF REVIEW

Shield Pack styles its challenge to this Court's previous Ruling a "Motion for Reconsideration," purportedly filed "[p]ursuant to Fed. R. Civ. P. 60." [Doc. No. 47, p. 1]. However, the Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*. After the 2009 amendments to the Rules, such a motion filed within twenty-eight (28) days of the Court's Judgment is construed as a motion to alter or amend a judgment under Rule 59(e). *See Ysais v. Richardson*, 603 F.3d 1175, 1178 & nn.2-3 (10th Cir. 2010).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rather, Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)) (modification in original). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000) (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed.1995))).

### III. ANALYSIS

In its Motion for Reconsideration, Shield Pack argues that the Court made legal errors related to its prosecution history estoppel analysis. Two of these arguments were either raised or could have been raised before the Court ruled on Shield Pack's Motion for Summary Judgment and, therefore, the Court will not consider them in this Ruling. *See Templet*, 367 F.3d at 479.

First, in the second section of its memorandum, Shield Pack alleges that "[d]uring prosecution of the application that issued as the '121 patent, the applicant's amendment of the claim language concerning the 'oblique seal portion' *narrowed* the scope of the claim."[1] [Doc. No. 47-1, pp. 2-3]. The arguments raised in this section were briefed by the parties and the Court addressed them in its previous Ruling. The Court will not consider them in this Ruling.

Second, Shield Pack argues that because the original claim included the word "having," and the use of "having" "supports an open construction," "a fair reading of the specification and the original claim language could, and thus did, encompass the inclusion of non-linear structures, such as curves." *Id.* at 5. Although Shield Pack could have raised this argument before the Court issued its previous Ruling, it did not. The Court will not consider the argument in this Ruling. The Court now turns to Shield Pack's remaining arguments.

Shield Pack next argues that the Court erred by "disregard[ing] the 'band-shape' portion of the original claim language and focus[ing] only on the length aspect." *Id.* at 3. Shield Pack asserts

---

[1] Shield Pack also points out that the Court stated in its Ruling that "the claim that an element 'has' a certain 'shape' may sometimes indicate a broader scope." However, Shield Pack ignores that the Court expressly qualified this statement in the Ruling. The Court stated, "*Although* the claim that an element 'has' a certain 'shape' may *sometimes* indicate a broader scope, *a 'straight band-shape' could not be a shape with curves.*" [Doc. No. 45, p. 11 (emphases added)]. Thus, the Court noted that while in some contexts "shape" can signify broadness, in this case it did not because "shape" is restrictively modified by "straight."

3

that "[u]pon considering the claim amendment, the Court must look at the entirety of the amendment." *Id.* In this case, according to Shield Pack, "[t]he proper inquiry for analyzing the applicability of the doctrine of prosecution history estoppel is whether 'the oblique seal portion being linear' amended claim language is narrower than the original language 'the oblique seal portion having a straight band-shape.'" *Id.* at 3-4. Shield Pack seems to suggest that if there has been any narrowing at all, then application of the doctrine of equivalents is precluded as to all accused products, regardless of whether the accused product's alleged equivalencies come within the scope of the narrowing amendment.

Infringement under the doctrine of equivalents is only precluded by prosecution history estoppel when the accused product's alleged equivalencies "fall within the range of subject matter relinquished." *Cybor Corp. v. FAS Tech., Inc.*, 138 F.3d 1448, 1460 (Fed. Cir. 1998); *cf. Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 734 (2002) (supporting that prosecution history estoppel is tied to consideration of the "purported equivalent"). Here, the accused product is Shield Pack's Quad bags. The alleged equivalency of the Quad bags to the '121 patent is that their seal portions are straight for twenty-seven of their thirty-one inches. Therefore, if the scope of the '121 patent was not narrowed to exclude less than perfectly straight seal portions, then the doctrine of equivalents applies. Absent this particular modification, the Quad bags' alleged equivalency does not fall within the range of the subject matter relinquished by the amended language.

Instead of ignoring the amended language in its Ruling, as Shield Pack asserts, the Court clarified the purpose for which it was examining the amendment—to determine whether Shield Pack's alleged equivalency was surrendered. The Court concluded that it was not because the

original claim language regarding the requisite straightness of the seal portions meant the same as the amended claim language. "[A] 'straight band-shape' could not be a shape with curves," just as "being linear" could not be a shape with curves. [Doc. No. 45, p. 11].

In attacking the Court's analysis, Shield Pack relies largely on footnote five of the Court's Ruling, where the Court said that "[r]emoval of the 'band-shape' width requirement for the line from the '121 patent claim language is irrelevant to the shape of the line's length, which is at issue here." [Doc. No. 45, p. 11 n.5]. Again, the Court was clarifying the issue in dispute: whether the accused product's alleged equivalency fell "within the range of the subject matter relinquished." *Cybor Corp.*, 138 F.3d at 1460.

Shield Pack did not assert, and thus the Court did not consider, that the amended claim language was narrowed to relinquish any claims to a width or breadth requirement. Shield Pack did not argue that, because the original claim had a width element and the amended language of the '121 patent did not have a width element, the amendment relinquished infringement by all equivalents that had width.[2] Shield Pack also did not argue that its Quad bags were such an equivalent.

In its memorandum, Shield Pack concludes that the Court acted without "legal basis or authority for parsing the claim language based on the purpose for which the Court is analyzing the claim amendment." [Doc. No. 47-1, p. 3]. Yet Shield Pack fails to offer any legal basis or authority for its own position. Based on the foregoing analysis, Shield Pack's argument is misplaced.

---

[2] The Court notes that any type of seal would necessarily have some width or breadth. It is not reasonable that, because the amended claim only said "the oblique seal portion being linear" and the original claim said "the oblique seal portion having a straight band-shape," any seal portions that had a width feature would not be covered by the amended '121 patent. If this were true, the '121 patent would have been pointless except as a geometric exercise. Further, if anything, the removal of a width requirement would broaden, not narrow, the '121 patent's claims.

Finally, Shield Pack argues that the Court erred in its analysis of the word "shape." Shield Pack contends that shape has two different meanings: one with technical, geometric significance and another with a common meaning. Shield Pack argues that the Court has "transposed" these two meanings because the Court wrote "'[a] straight shape indicates a straight line,' and a 'straight band-shape' could not be a shape with curves." [Doc. No. 47-1, p. 5 (internal quotation marks omitted)]. Shield Pack points out that, as a geometric concept, "there can be no such thing as a 'straight' shape." *Id.* Shield Pack further argues that a "'straight band-shape' has some width as well as length, potentially allowing for other shapes, such as a curved portion, to be included in the shape." *Id.* From this analysis, Shield Pack concludes that the patent applicant removed unclear, ambiguous wording from the original claim and replaced it with precise wording. Thus, Shield Pack argues that the claim was narrowed, prosecution history estoppel arises, and the doctrine of equivalents is inapplicable.

The Court is not persuaded. Ultimately, the seal portions had to be straight under the original claim language and they had to be straight under the amended claim language. As Shield Pack pointed out in its earlier briefs to this Court, "'straight' and 'curved' are direct opposites."[3] [Doc. No. 29-1, p. 17]. The notion that a "straight band-shape" could allow for curves is refuted by the fact that "straight" modifies "band-shape"—not the other way around. Based on the use of the restrictive adjective "straight," which modifies "band-shape," it is clear that Shield Pack's final argument is

---

[3] Shield Pack made this statement while arguing that its Quad bags did not infringe the '121 patent under the doctrine of equivalents. The Court found that whether the curved ends of the Quad bags infringed the '121 patent under the doctrine of equivalents presented a genuine issue of material fact. However, this is a different question than whether the original claim language literally contemplated seal portions with curves. Shield Pack's statement is more instructive on the latter question.

misplaced.

IV.     **CONCLUSION**

For the foregoing reasons, Shield Pack's Motion for Reconsideration [Doc. No. 47], construed as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), is DENIED.

MONROE, LOUISIANA, this 11 day of November, 2010.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE